**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
JeffreyWang@WHGCLaw.com
Paul N. Tauger (SBN 160552)
PaulTauger@WHGCLaw.com
Kenneth A. Ohashi (SBN 230440)
KennethOhashi@WHGCLaw.com
1301 Dove Street, Suite 1050
Newport Beach, California 92660
Tel. (949) 833-8483; Fax (949) 833-2281

Attorneys for Plaintiff
**LUSIDA RUBBER PRODUCTS, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| LUSIDA RUBBER PRODUCTS, INC., a Corporation, | Case No.: 2:15-cv-8677 |
| Plaintiff, | **TRADEMARK INFRINGEMENT COMPLAINT** |
| vs. | **AND** |
| POINT INDUSTRIAL, LLC, a California Limited Liability Company; SHANGHAI LUSIDA RUBBER PRODUCTS CO., LTD. AKA LUSIDA SHANGHAI RUBBER, LTD. AKA SHANGHAI LUSIDA RUBBER AND PLASTICS SPECIALTY PRODUCTS AKA SHANGHAI LUSIDA RUBBER COMPANY, LTD., a Chinese Limited Company; SHANGHAI CHANSON TRADING CO., LTD., a Chinese Limited Company; ZU GUO (MICHAEL) XU, an individual; WEI WEI (JACKIE) YIN, an individual; LENH CHIU, an individual; YURONG (ELLEN) SUN, an individual; CHRISTOPHER FOUGHTY AKA EUGENE ALLEN, an individual; WEI (CINDY) SHEN, an individual; and DOES 1-50, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff LUSIDA RUBBER PRODUCTS, INC., a California corporation ("Plaintiff" or "Lusida") alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement, dilution, unfair competition under the Lanham Act, 15 U.S.C. § 1114 and 1125(a), (c), and (d), common law trademark infringement, misappropriation of trade secrets, and unfair competition.

## PARTIES

2.      Lusida is and was at all pertinent times a California corporation in good standing currently doing business in Pasadena, California.

3.      On information and belief, defendant Point Industrial, LLC ("Point") is and was at all pertinent times a California limited liability company with offices and doing business in Los Angeles County, California.

4.      On information and belief, defendant Zu Guo (Michael) Xu ("Michael Xu") is and was at all pertinent times a resident of Los Angeles County, California.

5.      On information and belief, defendant Wei Wei (Jackie) Yin ("Jackie Yin") is and was at all pertinent times a resident of Los Angeles County, California.

6.      On information and belief, defendant Lenh Chiu ("Lenh Chiu") is and was at all pertinent times a resident of Los Angeles County, California.

7.      On information and belief, defendant Yurong (Ellen) Sun ("Ellen Sun") is and was at all pertinent times a resident of Los Angeles County, California.

8.      On information and belief, defendant Christopher Foughty aka Eugene Allen ("Christopher Foughty") is and was at all pertinent times a resident of Los Angeles County, California.

9.      On information and belief, defendant Wei (Cindy) Shen ("Wei Shen") is and was at all pertinent times a resident of Los Angeles County, California.

2

10. On information and belief, defendant Shanghai Lusida Rubber Company, Ltd. ("Shanghai Rubber") is and was at all pertinent times a Chinese limited company with its principal place of business in Shanghai, China.

11. On information and belief, defendant Shanghai Chanson Trading Co., Ltd. ("Shanghai Chanson") is and was at all pertinent times a Chinese limited company with its principal place of business in Shanghai, China.

12. Lusida is presently unaware of the true names or capacities of defendants identified in the Complaint as Does 1 through 50 inclusive, and therefore, sue these defendants by such fictitious names. On information and belief, Does 1 through 50 are also responsible for certain of the acts alleged below including, without limitation, unlawfully and unfairly using and marketing, without authorization, the Lusida Marks, and confusingly similar variations thereof, in connection with websites and other forms of advertising that promote, market, and sell goods and services primarily to Lusida's customers throughout the United States. Lusida will amend this complaint to identify the names of the Doe Defendants as they are ascertained.

13. On information and belief, each of the Defendants named herein was the principal, agent, servant, joint venturer and/or employee of the other Defendants at all relevant times alleged herein; and in doing the things alleged herein, was acting within the course and scope of such agency, joint venture and/or employment with the advance knowledge, permission, consent and/or acquiescence, or subsequent ratification of each and every remaining Defendant. Each of the Defendants named herein is alleged to have been responsible and liable in some manner for the unlawful and improper acts and omissions alleged herein.

14. On information and belief, Defendants Shanghai Rubber, Shanghai Chanson, and Point were merely the alter egos of each other and of their respective individual owners. On information and belief, at all times relevant herein there was such a unity of interest between such Defendants that their separate

3

1    personalities did not in reality exist.  On information and belief, such Defendants

2    have attempted to utilize the corporate "veil" to perpetrate a fraud, circumvent

3    contractual obligations, and/or to accomplish other wrongful and/or inequitable

4    purposes.  On information and belief, those wrongful and/or inequitable purposes

5    were accomplished by, among other things, commingling funds and other assets,

6    maintaining the entities with inadequate capitalization as compared with their

7    respective business operations and the risks of loss attendant thereto, and such

8    Defendants' disregard of corporate formalities.

9    **JURISDICTION AND VENUE**

10    15.   This Court has subject matter jurisdiction over Lusida's Lanham Act

11    and related unfair competition claims pursuant 28 U.S.C. § 1331, 1338(a) and (b).

12    16.   This Court has supplemental jurisdiction over Lusida's pendent state

13    law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally

14    interrelated with Lusida's federal claims and arise from a common nucleus of

15    operative facts such that the administration of Lusida's state law claims with its

16    federal claims furthers the interest of judicial economy.

17    17.   This Court has personal jurisdiction over Defendants because they

18    have operated their business, and perpetrated the conduct described herein in Los

19    Angeles County, California.

20    18.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because

21    (1) a substantial part of the events giving rise to the claims occurred in this district,

22    (2) Defendants including Point and certain of the individual Defendants reside in

23    this judicial district, and because (4) the Doe Defendants are subject to personal

24    jurisdiction in this district.

25    **FACTUAL BACKGROUND**

26    **THE LUSIDA MARKS**

27    19.   Lusida is a leading supplier of custom rubber and plastic products.

28    Over the course of its 15 year existence, Lusida has successfully served the custom

4

| TRADEMARK INFRINGEMENT COMPLAINT | CASE NO.: 2:15-cv-4562 |
|---|---|

1   rubber and plastic needs of thousands of customers throughout the United States in

2   a broad range of industries spanning the automotive, HVAC, industrial, food

3   processing, appliance, and others.

4        20.    In marketing its goods and services to its customers throughout the

5   United States, Lusida has continuously used its highly distinctive word mark

6   Lusida since at least about 2000.  It has also used a distinctive word-with-design

7   mark that includes the off-set letters LR in a box arranged adjacent to  the Lusida

8   mark which is positioned over the words "Rubber Products."  The Lusida word

9   mark and the word-with-design mark shall be referred to collectively as, the

10   "Lusida Marks."

11        21.    Lusida has used, and continues to use and rely upon, the Lusida Marks

12   to market its business to the public through various media, including its website, its

13   letterhead, and business cards including, without limitation, in logos that appear as

14   follows:



19        22.    Lusida has devoted substantial time, effort, and resources to the

20   development and extensive promotion of the Lusida Marks and the goods and

21   services offered thereunder.  As a result of Lusida's efforts, the public has come to

22   recognize and rely upon the Lusida Marks as an indication of the high quality

23   associated with Lusida's goods and services.

24        23.    Lusida has been relied upon by numerous customers throughout the

25   United States for its time-tested ability to assist them with the development of

26   precision tooling for the volume-based manufacture of rubber and plastic parts

27   suitable to each customer's unique needs, and to meet each customer's volume

28   demands for those parts.

**DEFENDANTS' UNAUTHORIZED USE OF THE LUSIDA MARKS TO UNLAWFULLY COMPETE AGAINST PLAINTIFF LUSIDA**

24.     Lusida was originally founded by its current President, Wayne Chin and Michael Xu in 2000.  Around that time, Lusida designated Shanghai Rubber, a small rubber factory owned by Michael Xu's two sisters Jie Xu and Kiujuan Xu, as its agent and principal supplier of tooling and parts.  As Lusida's agent, Shanghai Rubber agreed to help manage Lusida's production requirements including, without limitation, assisting Lusida with the management and coordination of production by other factories in China as needed by Lusida.  To further the purposes of this agency relationship, Shanghai Rubber agreed to be entrusted with various proprietary, confidential, and commercially-sensitive information of Lusida, and agreed to preserve and use this information for the benefit of Lusida's business, the success of which would also result in Shanghai Rubber's growth and success.

25.     On information and belief, in about 2010, Michael Xu's sister Jie Xu formed Shanghai Chanson, to serve as a trading company through which Lusida would place orders for tooling and parts with Shanghai Rubber, and which would export those manufactured parts to Lusida in California.  Moreover, as a direct liaison between Lusida and Shanghai Rubber, Shanghai Chanson (which was formed by principals and/or closely-affiliated persons of Shanghai Rubber, and for the purpose of facilitating the fiduciary agency relationship between Lusida and Shanghai Rubber), was also an agent of Lusida along with Shanghai Rubber. To further the purposes of this agency relationship, Shanghai Chanson also agreed to be entrusted with various proprietary, confidential, and commercially-sensitive information of Lusida, and agreed to preserve and use this information for the benefit of Lusida's business, the success of which would also result in Shanghai Chanson's growth and success.  Shanghai Chanson, on information and belief, is currently managed and/or owned by Tony Dong He, Michael Xu's nephew by

6

marriage. Throughout the course of their approximate 15 year relationship, neither Shanghai Chanson nor Shanghai Rubber contacted Lusida's customers in the United States directly (nor were they permitted to do so) except with the consent and authorization of Lusida.  On information and belief, , beginning in about mid-2014 Michael Xu and his various family members agreed, without the knowledge of Lusida, that, for the purpose of procuring greater profits for themselves and their defendant companies in China, they would either attempt to completely restructure Shanghai Rubber and Shanghai Chanson's agency and supplier relationship with Lusida so that Lusida would serve as a distributor of Shanghai Rubber's products, or alternatively, phase out of their agency and supplier relationship with Lusida by cutting ties with Lusida completely, appropriate Lusida's name in the United States, and approaching directly and appropriating Lusida's existing customers in the United States.

26.    In about October 2014, Michael Xu proposed selling his entire ownership interest in Lusida, and, in December 2014, began discussions with Wayne Chin for an eventual buyout of his interest.

27.    Meanwhile, on information and belief, Point was secretly formed with its principal place of business in El Monte, California, on January 23, 2015, for the purpose of serving as Shanghai Rubber and Shanghai Chanson's distributor and/or consignee for goods shipped overseas from China, and to facilitate the misappropriation of Lusida's existing customers.  Point's managing member is defendant Wei Shen, who is also Michael Xu's niece and his sister, Jie Xu's, daughter.

28.    In about April 2015, defendant Christopher Foughty, a former employee of Lusida since November 12, 2013, resigned from his employment with Lusida, purportedly to pursue a career in the Chinese translation business with his girlfriend; the truth was, however, that he intended to work with, and/or for Shanghai Rubber, Shanghai Chanson, and Point.

7

29.    In June 2015, Michael Xu sold his ownership interest in Lusida to Wayne Chin.

30.    In about July 2015, Jackie Yin, Lenh Chiu, and Ellen Sun, each of whom were long-time marketing, accounting, and/or sales agents of Lusida, were terminated for cause from their employment with Lusida.

31.    In about August 2015, Lusida ceased using Shanghai Rubber and Shanghai Chanson as its agent and supplier.

32.    Meanwhile, during the course of the parties' disputes during July through September, Lusida learned from several of its customers that they had been contacted by persons claiming to be representatives of the defendants.  These representatives falsely informed them that Lusida was a former "authorized reseller" of Shanghai Rubber's products, and had been replaced by Point as the new "Lusida" distributor here in the United States.

33.    Among the representatives that Lusida learned had contacted Lusida's existing customers was someone who identified himself as "Eugene Allen," a customer sales representative of Point who, Lusida is informed and believes, contacted numerous Lusida customers to solicit business on behalf of Point, Shanghai Rubber and/or Shanghai Chanson. It was at this time that Lusida first learned of the existence of Point.  Lusida discovered in late August 2015 that "Eugene Allen" was in fact an alias used by Lusida's ex-employee, Christopher Foughty.  On information and belief, the former long-time Lusida employees, Jackie Yin, Lenh Chiu, and Ellen Sun, are also working for Point, Shanghai Rubber, and/or Shanghai Chanson, contacting Lusida's existing customers to induce them to switch their business from Lusida to the defendants.

34.    As a result of the defendants' contacting Lusida's customers using the Lusida name, and falsely informing customers that Lusida was Shanghai Rubber's distributor of Lusida products and that Point was replacing Lusida as Shanghai Rubber's distributor, Lusida received numerous phone calls and emails from

1    customers who were confused as to who these defendant entities were, and the who

2    was the "true Lusida" company with whom they had been doing business for years.

3        35.    Shanghai Rubber has also refused to return to Lusida the thousands of

4    toolings that were developed solely for the purpose of fulfilling Lusida's customer

5    orders, and for which Lusida had already paid Shanghai Rubber.  In fact, Shanghai

6    Rubber has exploited its unlawful and continued possession of the tooling as an

7    additional basis to facilitate the defendants' inducement of Lusida's customers to

8    work directly with Shanghai Rubber rather with Lusida.

9        36.    Shanghai Rubber has filed an application with the United States

10   Patent and Trademark Office, Serial Number 86,787,150, seeking to register

11   Lusida's logo mark.  Shanghai Rubber has fraudulently claimed a date of first use

12   in the United States of 2003, when, in fact, Lusida is, and always has been, the

13   only entity using the Lusida Marks in commerce in the United States.   The mark

14   and logo Defendants seek to register is a verbatim copy of one of the  Lusida

15   Marks:

16

17

18                     

19

20                     **(Common Law Trademark Infringement)**

21              **(Against Shanghai Rubber, Shanghai Chanson, and Point)**

22       37.    Lusida realleges and incorporates each and every allegation contained

23   in the paragraphs above with the same force and effect as if said allegations were

24   fully set forth herein.

25       38.    Since at least about 2000, Lusida has owned the Lusida Marks, and

26   has used them in commerce throughout the United States to market its business as

27   a supplier of custom rubber and plastic parts in a broad range of industries

28   spanning the automotive, HVAC, industrial, food processing, appliance, and

9

others.

39.     Lusida has used the Lusida Marks to identify its goods and services to customers throughout the United States, and to distinguish itself from competitors that provide such goods and services in the United States.

40.     Through this use, consumers in the relevant demographic have come to associate goods and services provided under the Lusida Marks with Lusida.

41.     The Defendants are now using the Lusida Marks without the consent of Lusida in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods and services provided.

42.     As a result of the conduct complained of herein, Lusida has been damaged in an amount to be proven at trial.

43.     Lusida further alleges that defendants' infringement with willful and intentional.

44.     As a proximate result of Defendants' aforesaid conduct, Lusida has suffered commercial damage, as well as the continuing loss of the goodwill and damage to the reputation established by Lusida in its trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lusida has no adequate remedy at law.

45.     Lusida will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## <u>SECOND CAUSE OF ACTION</u>

### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)
### (Against Shanghai Rubber, Shanghai Chanson, and Point)

46.     Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

10

47.    Defendants have deliberately and willfully attempted to trade on Lusida's longstanding and hard-earned goodwill in its name and marks and the reputation established by Lusida in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass off their products and services in commerce here in the United States as those of Lusida.

48.    Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Lusida of the ability to control the consumer perception of its products and services offered under the Lusida Marks, placing the valuable reputation and goodwill of Lusida in the hands of Defendants.

49.    Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Lusida, and as to the origin, sponsorship or approval of Defendants and their products and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

50.    Defendants had direct and full knowledge of Lusida's prior use of and rights in its marks here in the United States before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

51.    As a result of Defendants' aforesaid conduct, Lusida has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Lusida in its marks here in the United States. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lusida has no adequate remedy at law.

52.    Lusida will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

///

///

///

11

**THIRD CAUSE OF ACTION**

**Violation of Anti-Cybersquatting Consumer Protection Act (Cyberpiracy)**

**15 U.S.C. § 1125(d)**

**(Against Shanghai Rubber, Shanghai Chanson, and Point)**

53.    Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

54.    Defendants have registered, trafficked in, and used Internet domain names that contain or consist of Lusida Marks including, but not limited to, www.lusida-sh.com (the "Infringing Domain Names").

55.    Defendants have registered and are using the Infringing Domain Names without Lusida's authorization and with a bad faith intent to profit from Lusida Marks, in violation of 15 U.S.C. § 1125(d).

56.    The Lusida Marks were highly distinctive here in the United States at the time the Defendants registered the Infringing Domain Names and remain distinctive today.

57.    The Infringing Domain Names were confusingly similar to the Lusida Marks at the time Defendants registered the Infringing Domain Names, and they remain so today.

58.    The Infringing Domain Names do not resolve to websites owned by Lusida.  Rather, they resolve to websites controlled by Defendants, which profit from their use.

59.    Defendants did not believe and could not reasonably have believed their use of the Infringing Domain Names constituted fair use or was otherwise lawful.

60.    As a result of Defendants' wrongful registration and use of the Infringing Domain Names, Lusida has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Lusida in its marks.

12

TRADEMARK INFRINGEMENT COMPLAINT                    CASE NO.: 2:15-cv-4562

This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lusida has no adequate remedy at law. Lusida will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders that the Infringing Domain Names be terminated or transferred to Lusida.

## FOURTH CAUSE OF ACTION

### Violation of the California Uniform Trade Secrets Act

### (Against All Defendants)

61. Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

62. Lusida has been able to establish itself as a leading supplier of custom rubber and plastic parts to customers throughout the United States and abroad in a broad range of industries spanning the automotive, HVAC, industrial, food processing, appliance, and others, through the development of a customer list database containing various proprietary and commercially-sensitive information including the needs and preferences of Lusida's valued customers. Among other things, the database discloses not only Lusida's top volume customers, specific custom products provided to those customers, and pricing information for those customers, but also information concerning prospective customers that may need custom rubber and plastic goods and services in the future, customers unlikely to require such goods and services, and the purchasing habits of existing customers of Lusida.

63. Lusida has developed and compiled this customer list at great expense of time and resources over a long period of time. The customer list provides Lusida with a significant competitive advantage in the custom rubber and plastic industry that do not have this list.

64. Solely to further the purposes of this intimate supplier relationship,

13

Shanghai Rubber and Shanghai Chanson were entrusted with various proprietary and confidential information of Lusida, and agreed to preserve and use this information for the benefit of Lusida's business, the success of which would result in Shanghai Rubber and Shanghai Chanson's respective growth and success.

65. Similarly, solely for the purposes of enabling Lusida's employees to perform their duties relating to the marketing and sales of Lusida's goods and services to existing and potential customers, the individual defendants Michael Xu, Jackie Yin, Lenh Chiu, Ellen Sun, and Christopher Foughty were provided access the customer list.

66. Lusida has taken reasonable measures to maintain the secrecy of the customer list to unauthorized persons, including but not limited to computer password protections to its electronically stored data bases and written non-disclosure agreements with the Lusida employees permitted access.

67. On information and belief, the defendants referenced herein aided and abetted and/or conspired with each other to take the customer list, and illicitly use it to identify Lusida's top customers, their pending and prospective orders, and the historical pricing offered to them, in order to target them and solicit their business.

68. As a proximate result of the defendants' misappropriation, Lusida has suffered substantial damages, as well as the continuing loss of the business, sales, and goodwill.  In addition to seeking actual damages, restitution, and or the imposition of a reasonable royalty against the defendants as permitted by Civil Code §§ 3426.3(a) and (b), this continuing loss of business and goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lusida has no adequate remedy at law. Lusida will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders that the defendants cease and desist their unlawful use of Lusida's customer list to

TRADEMARK INFRINGEMENT COMPLAINT                                    CASE NO.: 2:15-cv-4562

solicit Lusida's customers, and return and/or destroy all copies and/or transcriptions of the customer list.

69. Defendants' misappropriation of Lusida's customer list was deliberate, willful, and malicious, entitling Lusida to an award of exemplary damages against defendants as permitted under Civil Code § 3426.3(c).

70. Lusida further seeks its reasonable attorney fees incurred in pursuing its remedies, as permitted under Civil Code § 3426.4.

## FIFTH CAUSE OF ACTION

### Intentional Interference with Business Relations

### (Against Defendants Point, Shanghai Chanson, Shanghai Rubber, Ellen Sun, Jackie Yin, Lenh Chiu, Michael Xu, Christopher Foughty, Wei Shen)

71. Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

72. As described above, based on their relationships with Lusida, the Defendants were fully aware of Lusida's existing and prospective customer relationships.

73. Defendants' unlawful conduct described above, including without limitation their solicitation of Lusida's customers through the use of the Lusida Marks without Lusida's consent or authorization and defendants' misappropriation of Lusida's customer list, was taken with the intent to cause Lusida's customers to sever their contracts and relationships with Lusida and to replace Lusida with Shanghai Rubber, Shanghai Chanson, and/or Point as their new supplier.

74. With knowledge that Shanghai Rubber, Shanghai Chanson, and Point were intentionally and unlawfully interfering with Lusida's existing and prospective customer relationships by engaging in the above-described conduct,

15

1  Defendants Point, Ellen Sun, Jackie Yin, Lenh Chiu, Michael Xu, Christopher
2  Foughty, and Wei Shen gave substantial assistance and/or encouragement to
3  Shanghai Rubber, Shanghai Chanson, and Point in connection with such conduct.

4      75.    Defendants' unlawful conduct has in fact resulted in the disruption
5  and/or termination of Lusida's certain existing and prospective customer
6  relationships. Lusida has accordingly suffered damages from the loss of customers
7  and/or sales as a result of Defendants' conduct. Moreover, on information and
8  belief, as defendants' interference with Lusida's existing and prospective
9  customers is continuing, this continuing loss of business cannot be properly
10 calculated and thus constitutes irreparable harm and an injury for which Lusida has
11 no adequate remedy at law.

12     76.    Lusida will continue to suffer irreparable harm unless this Court
13 enjoins Defendants' conduct.

14     77.    Defendants' interference with Lusida's business relationships was
15 deliberate, willful, and malicious, entitling Lusida to an award of exemplary
16 damages against defendants.

### SIXTH CAUSE OF ACTION

### Conversion of Tooling

### (Against Shanghai Rubber)

    78.    Lusida realleges and incorporates each and every allegation contained
in the paragraphs above with the same force and effect as if said allegations were
fully set forth herein.

    79.    Lusida paid Shanghai Rubber for the creation of tooling so that orders
placed by Lusida on behalf of its customers could be manufactured by
Shanghai Rubber. Lusida owns and/or controls said tooling, to which Shanghai
Rubber has no right or title to. Lusida has demanded that Shanghai Rubber return
said tooling to Lusida, but Shanghai Rubber has failed and refused, and continues

16

1  to fail and refuse, to do so.

2      80.    Defendants' above continuing possession, custody and/or control of

3  the tooling, and their ongoing refusal to return such tooling to Lusida constitutes

4  unlawful conversion, and has already resulted in damage to Lusida in that Lusida

5  is unable to use the tooling that Lusida has already paid for to fulfill its

6  customers' orders.  Lusida has further incurred the additional expense of

7  developing and manufacturing tooling to replace that which Shanghai Rubber

8  has refused to return.  Lusida also has no adequate remedy at law to the extent

9  that it will continue to be substantially and irreparably harmed unless Shanghai

10  Rubber is ordered to refrain from using the tooling developed for Lusida and its

11  customers, and further ordered to return the tooling to Lusida.

12      81.    Defendants' conversion of Lusida's tooling was deliberate, willful,

13  and malicious, entitling Lusida to an award of exemplary damages against

14  defendants.

15  

**SEVENTH CAUSE OF ACTION**

**Conversion of Sales and Profits**

**(Against Shanghai Rubber and Shanghai Chanson)**

19      82.    Lusida realleges and incorporates each and every allegation contained

20  in the paragraphs above with the same force and effect as if said allegations were

21  fully set forth herein.

22      83.    On information and belief, charading as "Lusida" and using the

23  Lusida Marks here in the United States, Shanghai Rubber and Shanghai Chanson

24  have been soliciting Lusida's existing and prospective customers and procuring

25  orders from them for custom rubber and plastic goods.

26      84.    Any sales to such customers under the Lusida name belong to Lusida,

27  and not to Shanghai Rubber and Shanghai Chanson; similarly, any profits from

28  sales to such customers belong to Lusida, and Lusida has an immediate right to any

17

monies procured by these Defendants from any sales and profits.

85.    These Defendants' procurement of sales and profits from Lusida's existing and prospective customers using the Lusida marks constitutes unlawful conversion, and has already resulted in damage to Lusida.  Lusida also has no adequate remedy at law to the extent that it will continue to be substantially and irreparably harmed unless Shanghai Rubber and Shanghai Chanson are ordered to refrain from converting Lusida's sales and profits in the manner described above.

86.    Defendants' conversion of Lusida's sales and profits was deliberate, willful, and malicious, entitling Lusida to an award of exemplary damages against defendants.

## EIGHTH CAUSE OF ACTION

### Breach of Fiduciary Duty

**(Against Defendants Point, Shanghai Chanson, Shanghai Rubber, Ellen Sun, Jackie Yin, Lenh Chiu, Michael Xu, Christopher Foughty, Wei Shen)**

87.    Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

88.    As described above, based on their relationships with Lusida, Defendants Shanghai Rubber and Shanghai Chanson were agents of Lusida, and owed to Lusida a duty that was fiduciary in nature.

89.    Defendants' unlawful conduct described above, including without limitation their solicitation of Lusida's customers through the use of the Lusida Marks without Lusida's consent or authorization and defendants' misappropriation of Lusida's customer list, acts of conversion, and willful interference with Lusida's existing and prospective customers, each constitute breaches of these Defendants' fiduciary duties to Lusida.

18

TRADEMARK INFRINGEMENT COMPLAINT                    CASE NO.: 2:15-cv-4562

90.     With knowledge that Shanghai Rubber and Shanghai Chanson were breaching their fiduciary duties to Lusida by engaging in the above-described conduct, Defendants Point, Ellen Sun, Jackie Yin, Lenh Chiu, Michael Xu, Christopher Foughty, and Wei Shen gave substantial assistance and/or encouragement to Shanghai Rubber and Shanghai Chanson in connection with such conduct.

91.     As a proximate result of Shanghai Rubber and Shanghai Chanson's breaches of their fiduciary duties owed to Lusida, and the other Defendants' aiding and abetting those breaches, Lusida has suffered damages from the loss of customers, sales, and/or goodwill.

92.     Defendants' breaches of fiduciary duty were deliberate, willful, and malicious, entitling Lusida to an award of exemplary damages against Defendants.

## NINTH CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. And Prof. Code section 17200, et seq.)**

**(Against All Defendants)**

93.     Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

94.     Defendants have engaged in unlawful, fraudulent, and/or unfair acts and practices by engaging in the concerted scheme described above to destroy Lusida's business which constitute unfair competition within the meaning of California Business & Professions Code § 17200.  Such unlawful conduct includes, without limitation, their infringement of the Lusida Marks, their deliberate confusion of Lusida's customers by falsely designating the origin of services provided, their acts of cyberpiracy, misappropriation of Lusida's customer list, conversion of Lusida's tooling and sales profits, and breaches of fiduciary duty.

95.    As a result of the defendants' aforesaid conduct, the defendants have been unjustly enriched, and Lusida has suffered, and will continue to suffer a continuing loss of business and goodwill that cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lusida has no adequate remedy at law. Lusida will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct described above.  Furthermore, Lusida requests a disgorgement of defendants' profits and restitution of monies procured by the defendants as the fruits of their unfair competition.

### TENTH CAUSE OF ACTION

**(Declaratory Judgment)**

**(Against All Defendants)**

96.    Lusida realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

97.    Lusida seeks a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists by way of the Defendants current marketing of the Lusida Marks to the consumers in the United States which Lusida alleges is owned by Lusida, notwithstanding Lusida's demands that Defendants cease and desist such conduct.

98.    An actual justiciable controversy also exists by way of the Defendants' position that Lusida customer list is not entitled to protection, and that the defendants may use the customer list for their own benefit without restriction to compete against Lusida in the custom rubber and plastic manufacturing industries.

99.    Lusida requests a declaratory judgment that Lusida owns the Lusida Marks, and that Defendants are infringing, have infringed, and are liable for infringing the Lusida Marks.

TRADEMARK INFRINGEMENT COMPLAINT                          CASE NO.: 2:15-cv-4562

100. Lusida further requests a declaratory judgment that Lusida owns a protectable trade secret in its customer list, and that the manner of Defendants' unconsented and unauthorized use thereof constitute a misappropriation of trade secrets under California law.

101. Without such relief, Defendants threaten to continue the unlawful activities described above which will cause, and have already caused, injury to Lusida's business, name, reputation, and goodwill.

WHEREFORE, Lusida prays for an Order and Judgment against the Defendants, and each of them as follows:

1. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from activities including, without limitation:

a. Using in any manner the Lusida Marks, or any name, mark or domain name that wholly incorporates the Lusida Marks, or is confusingly similar to or a colorable imitation of the marks;

b. Using or displaying the Lusida logo on any websites, products, or promotional materials in any false and/or deceptive manner; and

c. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Lusida's products or services as to the nature or source of the products or services offered for sale or sold, or otherwise likely to deceive members of the public, or prospective customers, into believing that there Lusida is a reseller or distributor of Shanghai Rubber's goods.

21

2.     Directing Defendants to transfer to Lusida (at no cost to Lusida) all domain names that contain or consist of the Lusida Marks, including but not limited to www.lusida-sh.com;

3.     Ordering Defendants to preserve through trial and then deliver up for destruction, pursuant to 15 U.S.C. § 1118, all Internet webpages / scripts / html code, articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles, templates or other matter in the possession, custody, or under the control of Defendants or their agents bearing the Lusida Marks in any manner, or any mark that is confusingly similar to or a colorable imitation of the marks;

4.     Ordering Defendants to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include the Lusida Marks or amend those registrations to names that do not include the Lusida Marks, and to remove any references to any business registrations, including corporate names and dba filings, that include the Lusida Marks.

5.     Ordering Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of the Lusida Marks, or otherwise in furtherance of the scheme alleged herein;

6.     Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

7.     Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Lusida within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of goods and services to customers in the United States under the Lusida Marks as set

22

forth above;

8.   Ordering Defendants to pay a judgment in the amount of Lusida's actual damages under 15 U.S.C. § 1117 and California law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

9.   Ordering Defendants to pay Lusida's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or California law;

10.   Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive or exemplary damages under California law as appropriate;

11.   A declaratory judgment determining the rights and duties of the respective parties with respect to the Lusida name and with respect to Lusida's customer list;

12.   Granting Lusida such other and further relief as the Court deems just and proper.

Dated: November 5, 2015               WHGC, P.L.C.

                                      By: _____
                                      PAUL N. TAUGER
                                      Attorney for Plaintiff
                                      LUSIDA RUBBER PRODUCTS, INC.

23

1

## **JURY DEMAND**

2    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3 hereby requests a jury trial of all issues that may be tried to a jury in this action.

4

5 Dated: November 5, 2015    WHGC, P.L.C.

6

7             By: _____

8            Paul N. Tauger

9            Attorney for Plaintiff

             LUSIDA RUBBER PRODUCTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRADEMARK INFRINGEMENT COMPLAINT        CASE NO.: 2:15-cv-4562